UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUKE'S LOBSTER LLC and HOLDEN SEAFOOD CORP.,<br><br>         Plaintiffs,<br><br>  -against-<br><br>RCN TELECOM SERVICES, LLC and THE BOATHOUSE, LLC,<br><br>         Defendants. | Civil Action No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

  Plaintiffs Luke's Lobster LLC and Holden Seafood Corp., by their attorneys Olshan Frome Wolosky LLP, allege on knowledge as to their own acts and otherwise on information and belief as follows:

## NATURE OF THE ACTION

  1. This is an action for injunctive relief, monetary damages and other appropriate relief for copyright infringement and trademark infringement in violation of the laws of the United States and common law and injury to business reputation and dilution in violation of the laws of New York. Plaintiffs seek an injunction, damages and related relief.

## JURISDICTION AND VENUE

  2. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367. Plaintiffs' claims are predicated upon the copyright laws of the United States, 17 U.S.C. § 101, et seq., as amended (the "Copyright Act"), the Lanham Act, 15 U.S.C. § 1051, et seq., as amended (the "Lanham Act"), and substantial and related claims under the statutory and other common law of the State of New York. This Court has supplemental jurisdiction over the state claims under 28 U.S.C. § 1367 in that those claims are related to claims under this

Court's original jurisdiction and form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district and/or because Defendants are subject to personal jurisdiction in this district at the time this action is commenced.

## THE PARTIES

4. Plaintiff, Luke's Lobster LLC ("Luke's Lobster"), is a Delaware limited liability company with its principal place of business at 459 Grand Street, Brooklyn, New York 11211.

5. Plaintiff, Holden Seafood Corp. ("Holden"), is a New York corporation with its principal place of business at 125 East 23rd Street, Suite 403, New York, New York 10010. Plaintiffs Luke's and Holden are individually and/or collectively referred to herein as "Luke's".

6. Luke's has been injured and will continue to be injured in New York and in this judicial district by Defendants' wrongful acts alleged herein.

7. Defendant, RCN Telecom Services, LLC ("RCN"), is a Delaware limited liability company with its principal place of business at 196 Van Buren Street, Suite 300, Herndon, Virginia 20170.

8. Defendant, The Boathouse, LLC ("Boathouse"), is an Illinois limited liability company with its principal place of business at 1330 W. Fargo #1E, Chicago, Illinois 60626. Defendants RCN and Boathouse are collectively referred to herein as "Defendants".

## GENERAL ALLEGATIONS

9. Holden, an affiliate and licensee of Luke's Lobster, owns and operates the famous Luke's Lobster restaurants and food trucks. Luke's has achieved a tremendous amount of

recognition in the United States and the Luke's brand and its goods and services have been heavily recognized, promoted and advertised.

10. In 2009, Luke's Lobster first opened in the East Village in New York City. Luke's now has the privilege of serving seafood-loving guests in eight states across the country. From ocean to plate, Luke's handles every step of the supply chain to ensure that only exceptionally fresh seafood is served in Luke's venues. Currently, there are more than 20 Luke's locations in the United States alone, including in Maine; New York; Washington D.C.; Boston, Massachusetts; Philadelphia, Pennsylvania; Las Vegas, Nevada; Chicago, Illinois; New Jersey; and Miami, Florida.

11. Luke's Lobster owns the following valid and subsisting copyrights (the "Luke's Copyrights"):

| Description | Design Image | U.S. Copyright Registration No. |
|---|---|---|
| Luke's Lobster Logo | | VA 2-020-549 |
| Luke Lobster From Me To You Design | | VA 2-020-757 |

True and correct copies of the registration certificates and deposit materials for the Luke's Copyrights are attached hereto as Exhibit A. The Luke's Copyrights are original works of authorship.

12. Luke's Lobster also owns and Luke's has made continuous use of certain registered and unregistered service marks and trademarks since at least as early as 2009. Luke's Lobster owns the following trademarks registered with the U.S. Patent and Trademark Office, which registrations are valid and subsisting and in full force and effect:

| Trademark | US Reg. No. | Reg. Date | Class and Goods/Services |
|---|---|---|---|
| LUKE'S (logo) | 4958258 | 5/17/2016 | 25-Headwear; Sweatshirts; T-shirts; Tops<br><br>29-Crabs, not live; Lobsters, not live; Prepared food kits composed of meat, poultry, fish, seafood, and/or vegetables and also including sauces or seasonings, ready for cooking and assembly as a meal; Shrimp, not live<br><br>30-food seasonings<br><br>43-Restaurant services |
| FROM ME TO YOU | 4794805 | 8/18/2015 | 43-Restaurant services |
| LUKE'S LOBSTER | 3914053 | 2/1/2011 | 43-RESTAURANTS FEATURING LOBSTER |
| LUKE'S from ME to you (logo) | 3914060 | 2/1/2011 | 43-RESTAURANTS FEATURING LOBSTER |

(collectively, the "Luke's Marks"). Furthermore, U.S. Registration Nos. 3913053 and 3914060 are incontestable pursuant to 15 U.S.C. §1065.

13. Since at least as early as 2009, the Luke's brand has been widely advertised throughout the United States and the Luke's Marks have at all relevant times been owned exclusively by Luke's or Holden.

- 4 -

14. The Luke's Marks and Luke's Copyrights are used on and in connection with Luke's restaurant locations and food trucks throughout the United States, including in this district.

15. Luke's extensively advertises its goods and services, and has received editorial and press coverage of the brand. Advertisements featuring the Luke's Marks appear in nationally distributed publications that reach millions of people. Press coverage of Luke's also reaches millions of consumers. For example, Luke's has repeatedly been named "Best Lobster Roll" by several influential publications, including, TimeOut, Thrillist, NewYork.com, Zagat, NY Daily News and CBS, and Luke's won the Today's Show "Best Lobster Roll" contest.

16. As a result of the exclusive and extensive use, advertisement, and promotion of the Luke's brand, the Luke's Marks have acquired enormous value and recognition. The Luke's Marks are well known to the consuming public and trade as identifying and distinguishing Luke's exclusively and uniquely as the source of origin of Luke's high quality goods and services.

### Defendants' Infringing Activities

17. Defendants used the Luke's Marks and the Luke's Copyright without Luke's authorization to advertise, promote and/or offer RCN's services.

18. Upon information and belief, Boathouse is a full-service advertising agency that handles strategy, research, creative and media for its clients.

19. Upon information and belief, RCN is a provider of high speed internet, digital cable TV and home phone service plans. RCN offers affordably priced internet service delivered through its proprietary, fiber-rich network for wifi, streaming, watching tv online, and internet home networking. RCN, as a cable TV provider, offers the best in TiVo DVRs, Netflix, On Demand movies, and on the go TV and claims to be dedicated to providing New York with the best

entertainment services at a fair price with 100% U.S. based customer support. In the New York City area, RCN provides service to the boroughs of Brooklyn, Manhattan and Queens.

20. Upon information and belief, some time prior to March 29, 2017, RCN engaged Boathouse to, at a minimum, create, produce and film a commercial for RCN (the "Commercial").

21. On or about March 29, 2017, in connection with the development of the Commercial, Boathouse contacted an employee of Luke's asking if Boathouse could rent a Luke's food truck to use in the Commercial.

22. The Luke's employee indicated to Boathouse that Luke's would charge a fee of $450 for the truck rental/transportation and $175 per hour to cover Luke's staffing (the "Truck Rental"). The Luke's employee also requested a description of the Commercial and scene, and stated further that Luke's wanted to "…make sure [the Commercial] isn't in conflict with [the Luke's] brand."

23. Boathouse replied that the Commercial would have an assortment of "business and casual people in line at popular food truck"; that the Food Truck would need to "have [a] window open and close so no mechanical rigging or alterations"; and that Boathouse is a "small, experienced and professional crew…so it should go smoothly."

24. In follow up communications, on or about March 29, 2017, Boathouse requested an invoice from Luke's for the Truck Rental, and indicated further that Boathouse would send a name/likeness/prop release to Luke's for review. However, no such name/likeness/prop release was ever provided to or signed by Luke's.

25. While Luke's did rent the truck to Boathouse, Luke's did not consent, authorize and/or license use of Luke's name, the Luke's Marks and/or the Luke's Copyrights by Defendants in their advertisement.

26. On or about April 3, 2017, the Commercial was filmed in Forest Park, Queens, New York.

27. Subsequently, on or about May 10, 2017, Luke's first learned that the Commercial aired in the New York City area, and that Defendants were making unauthorized use of the Luke's Marks and/or the Luke's Copyrights and doing so in a disparaging manner.

28. The Commercial depicts an angry woman working in the Luke's food truck who refuses to serve a customer and slams the truck shut. The premise of the Commercial is that RCN offers "better" customer service with the tagline "Imagine Better."

29. The Commercial uses the Luke's Marks and the Luke's Copyrights without Luke's authorization and falsely portrays Luke's as a company with poor customer service.

30. Upon information and belief, RCN ran the Commercial between May 1, 2017 and May 17, 2017 approximately 296 times in the Northeast, including in this judicial district, on the following networks: CBS, NBC, Fox, ABC and the CW. RCN only stopped airing the Commercial after it received a cease and desist letter from Luke's counsel demanding that the Commercial be pulled immediately, despite the fact that Luke's complained to Boathouse about the Commercial on May 10, 2017.

31. The Commercial was still available on Boathouse's Vimeo page as of May 23, 2017, although it has now been taken down. A true and correct copy of the Boathouse's Vimeo page as of May 23, 2017 is attached hereto as Exhibit B.

32. Examples of screenshots of the Commercial are as follows:

- 7 -
4202363-1









33.     Defendants' unauthorized use was intentionally designed to create and/or did create a negative association with the Luke's Marks and Luke's Copyrights.  Defendants' aforementioned acts were willful, willfully blind, intentional and/or negligent.  Defendants knew or should have known that the Commercial used Luke's Marks and Luke's Copyrights without consent and that

- 9 -

4202363-1

Luke's had not and would never provide its consent for such a harmful depiction of the Luke's brand.

34. Defendants are on notice of Luke's trademark and copyright rights in and to the Luke's Marks and the Luke's Copyrights.

35. By reason of Defendants' conduct, Luke's has been and continues to be harmed by Defendants' actions. Upon information and belief, Defendants have profited or will profit by their wrongful conduct and activities. Defendants' conduct has injured Luke's in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Luke's. Luke's has no adequate remedy at law.

### FIRST CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT, 17 U.S.C. § 101 et seq.)

36. Luke's repeats and realleges each and every allegation set forth in paragraphs 1 through 35 above as if fully set forth herein.

37. Luke's Lobster is the sole and exclusive owner of all right, title, and interest in and to the Luke's Copyrights.

38. The Luke's Copyrights contain original material and copyrightable subject matter under the copyright laws of the United States.

39. Defendants, with access to the Luke's Copyrights and the Luke's Truck, and without authorization, created, designed, disseminated and used the Luke's Copyrights in connection with the Commercial.

40. Defendants have received notification that they have infringed and unless enjoined by the Court, Defendants may continue their course of infringing conduct, to wrongfully use, infringe upon and otherwise profit from the use of material and substantial portions of the Luke's Copyrights in connection with the Commercial and to induce others to do so.

41. As a result, Defendants have engaged in copyright infringement pursuant to 17 U.S.C. § 101, *et seq*.

## SECOND CLAIM FOR RELIEF
## (TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114(1)(a))

42. Luke's repeats and realleges each and every allegation set forth in paragraphs 1 through 35 above as if fully set forth herein.

43. Defendants' use of the Luke's Marks, without Luke's consent, constitutes trademark infringement in violation of 15 U.S.C. § 1114(1)(a), in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the affiliation, connection, or association with, or approval or sponsorship of, Defendants, their businesses, and/or the Commercial.

## THIRD CLAIM FOR RELIEF
## (COMMON LAW TRADEMARK INFRINGEMENT)

44. Luke's repeats and realleges each and every allegation set forth in paragraphs 1 through 35 and paragraphs 42-43 as if fully set forth herein.

45. The aforementioned acts of Defendants constitute trademark infringement in violation of the common law of the State of New York.

## FOURTH CLAIM FOR RELIEF
## (INJURY TO BUSINESS REPUTATION; DILUTION
## N.Y. GENERAL BUSINESS LAW § 360-l)

46. Luke's repeats and realleges each and every allegation set forth in in paragraphs 1 through 35 and paragraphs 42-45 above as if fully set forth herein.

47. As a result of Defendants' actions in creating, designing, using, distributing, disseminating and/or airing the Commercial prominently displaying the Luke's Marks and disparaging Luke's customer service, Luke's is likely to suffer injury to its business reputation and

Defendants' conduct constitutes likelihood of injury to business reputation or of the dilution of the distinctive quality of Luke's Marks in violation of New York General Business Law § 360-l.

48. Defendants' bad faith use of the Luke's Marks causes a likelihood of injury and/or actual injury to Luke's reputation, and dilutes the distinctive quality of the Luke's Marks.

**WHEREFORE**, Luke's prays for relief and judgment against Defendants, as follows:

1. Defendants, and their affiliated companies, principals, officers, employees, directors, servants, agents, representatives, distributors, and all persons, firms and/or corporations in privity, under their control and/or in active concert or participation with Defendants be temporarily, preliminarily and permanently enjoined and restrained from:

   (a) Imitating, copying or making unauthorized use of the Luke's Copyrights;

   (b) Creating, designing, using, promoting, displaying, distributing, airing, or otherwise disseminating the Commercial or any other commercials bearing any designs substantially similar to the Luke's Copyrights;

   (c) Using any design substantially similar to the Luke's Copyrights in connection with the creation, design, use, promotion, display, distribution, airing or other dissemination of any commercials or other advertising materials;

   (d) Imitating, copying, infringing or making unauthorized use of the Luke's Marks;

   (e) Creating, designing, using, promoting, displaying, distributing, airing, or otherwise disseminating the Commercial, or any other commercials bearing any marks confusingly similar to the Luke's Marks or any designs substantially similar to the Luke's Copyrights, in any medium, including, but not limited to on television, websites, and social media sites;

   (f) Causing actual confusion, a likelihood of confusion, injury to Luke's goodwill, reputation and/or proven business success, and/or dilution of the distinctiveness of the Luke's Marks;

   (g) Ordering that Defendants file with this Court and serve upon Luke's within thirty (30) days following this Court's entry of any injunction in this action, a written report, under oath, setting forth in detail the manner and form in which Defendants have complied with such injunction; and

   (h) Engaging in any other activity, including the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 1(a) through 1(g) above.

  2. That Defendants be adjudged to have violated 17 U.S.C. § 101, *et seq*. by infringing the Luke's Copyrights;

  3. That Defendants be adjudged to have violated 15 U.S.C. § 1114(1)(a) by infringing the Luke's Marks;

  4. That Defendants be adjudged to have engaged in activities that are likely to dilute the distinctive quality of the Luke's Marks and/or injure Luke's business reputation in violation of New York General Business Law § 360-l.

  5. That Defendants be adjudged to have infringed upon the Luke's Marks in violation of the common law of the State of New York;

  6. Directing that Defendants permanently remove and destroy all marketing, advertising materials, and commercials using the Luke's Marks or the Luke's Copyrights, or a modification thereof, or any other name, mark, logo, design, or the like confusingly similar thereto.

4202363-1

7. Directing the impounding for destruction all versions of the Commercial, and all artwork, advertisements and promotional materials relating thereto;

8. Directing Defendants to account to and pay over to Luke's all profits derived by Defendants realized from their wrongful acts, pursuant to, *inter alia*, 17 U.S.C. § 504(b), 15 U.S.C. § 1117, and New York General Business Law § 360-m.

9. Requiring Defendants to pay over to Luke's all damages suffered by Luke's as a results of Defendants' wrongful acts, pursuant to, *inter alia*, 17 U.S.C. § 504(b), 15 U.S.C. § 1117, and New York General Business Law § 360-m.

10. Directing that Luke's actual damages be trebled and that Defendants' profits resulting from Defendants' wrongdoing be enhanced, pursuant to 15 U.S.C. § 1117 and New York General Business Law § 360-m;

11. At Luke's election, awarding statutory damages in the maximum amount against each defendant for each infringement of the Luke's Copyrights and inducement thereof, pursuant to 17 U.S.C. § 504(c);

12. Directing that Defendants pay over to Luke's their costs and reasonable attorneys' fees, pursuant to, *inter alia*, 15 U.S.C. § 1117, 17 U.S.C. § 505 and New York General Business Law § 360-m;

13. Ordering that the Court retain jurisdiction of this action for the purpose of enabling Luke's to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof; and

14. Any and all other relief that this Court deems just and proper.

compliance therewith, and for the punishment of any violations thereof; and

    14.     Any and all other relief that this Court deems just and proper.

Dated: New York, New York
        June 15, 2017

                                        Respectfully submitted,

                                        _____
                                        Steven R. Gursky
                                        Tamara Carmichael
                                        Safia A. Anand
                                        Olshan Frome Wolosky LLP
                                        1325 Avenue of the Americas
                                        New York, New York 10019
                                        (212) 451-2300
                                        *Attorneys for Plaintiffs*

4202363-1

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury for all issues so triable.

Dated: New York, New York
June 15, 2017

                              Respectfully submitted,

                              Steven R. Gursky
                              Tamara Carmichael
                              Safia A. Anand
                              Olshan Frome Wolosky LLP
                              1325 Avenue of the Americas
                              New York, New York 10019
                              (212) 451-2300
                              *Attorneys for Plaintiffs*

4202363-1